(20 Misc. Rep. 412.)

### GREENHALL et al. v. UNGER.

(City Court of New York, General Term.    May 29, 1897.)

SUPPLEMENTARY PROCEEDINGS—DISMISSAL.
    An order refusing to dismiss supplementary proceedings on the ground that the summons on which a judgment by default had been obtained was never served will not be set aside where the evidence as to service was conflicting, and defendant had never moved to vacate the judgment.

Appeal from trial term.

Action by Leonard Greenhall and another against Theresa Unger. Judgment for plaintiffs.    From an order denying a motion to dismiss supplementary proceedings, defendant appeals.    Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

R. M. Sherman, for appellant.
Greenhall & Levy, for respondent.

SCHUCHMAN, J.    This is an appeal from an order denying a motion to dismiss proceedings supplementary to execution upon the ground that the summons in the action in which judgment had been obtained, and on which said judgment the proceedings are founded, was not personally served on the defendant.    The judgment was obtained on default of the defendant in pleading.    The affidavit of service contained in the judgment roll proves a personal service of the summons on the defendant.    The judgment itself, as entered on October 7, 1896, recites the following facts: "The summons and complaint in this action having been personally served on the defendant," etc.    It does not appear that the defendant's default was ever opened or excused, nor the judgment vacated or set aside or interfered with in any manner, and it therefore stands as a valid record and adjudication.    The order in the supplementary proceedings recites all the necessary jurisdictional facts, and is fully supported by the proofs contained in the affidavit on which it was granted.    The defendant, Theresa Unger, in her affidavit, denies that she was personally served with the summons, and testifies that she never saw it until it was shown her by her husband.    Her husband, Robert Unger, in his affidavit, states "that the summons and complaint were not personally served on his wife, but was left with him in her absence by a clerk," etc.    Upon this conflict of evidence in regard to the service of the summons upon the defendant, and considering that

the defendant never moved to open the default or vacate the judgment, we think the order should be affirmed, with costs.

Ordered accordingly.

CONLAN, J., concurs.